UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20047-Civ-COOKE/TURNOFF

DAVID PITCHFORD,

    Plaintiff

vs.

JULIAN ASSANGE, *et al.*,

    Defendants.

_____/

**ORDER ADMINISTRATIVELY CLOSING CASE**

THIS MATTER is before me upon an independent review of the record. *Pro se* Plaintiff David Pitchford initiated this action against Defendants on January 6, 2011. The Defendants are comprised of corporations operating United States and an individual residing in a foreign country. More than 120 days have passed and Plaintiff has failed to effectuate service of the Amended Complaint on the U.S. corporate Defendants, and has failed to effectuate a reasonably calculated means of serving the foreign Defendant as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Fed. R. Civ. P. 4(m), (f).

Where a plaintiff fails to properly serve a defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice, or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Although the 120-day requirement does not apply to service in a foreign country, "the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). A plaintiff serving a foreign country "must still take some efforts

to attempt service, or face dismissal." *Plantation Gen. Hosp. L.P. v. Cayman Islands*, No. 09-60884, 2010 WL 731853, at *1 (S.D. Fla. Feb 26, 2010). Although *pro se* litigants are entitled to have their pleadings liberally construed, such liberal construction does not extend to a *pro se* litigants failure to comply with federal procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("[l]iberal construction does not mean liberal deadlines").

It is hereby **ORDERED and ADJUDGED** that this case is *administratively* **CLOSED** for statistical purposes only. Plaintiff shall show cause by September 20, 2011 why this action should not be dismissed without prejudice. This case shall be reopened upon proper proof that Defendants have been served with the Complaint.

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of August 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*

David Pitchford
Stadium Trailer Park
1213 15th Street Lot
Key West, Florida 33040